UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 1 2009 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA,

v.

DREW SMITH,

        Defendant.

08-CR-545

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 10, 2008, Drew Smith pled guilty to single-count indictment, which charged that he, with others, conspired to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(B).

Smith was sentenced on March 12, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The guidelines range of fine was from $7,500 to $75,000. The offense carried a maximum term of imprisonment of forty years. See 21 U.S.C. § 841(b)(1)(B). The statutory mandatory minimum sentence of five years, id., did not apply because the elements of the "safety valve" under section 5C1.2 of the United States Sentencing Guidelines had been satisfied: 1) Smith does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he was not an organizer, leader, manager, or supervisor of the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to the "safety valve." See 18 U.S.C. § 3553(f).

2

Smith was sentenced to twelve months and one day imprisonment, plus three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under section 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it involves a scheme to distribute a substantial amount of illegal drugs. The defendant is intelligent and thoughtful, and he has taken responsibility for his criminal acts. He has a loving family that will support him in leading a lawful life moving forward. Given the defendant's long history of involvement with drugs as well as his past problems with alcohol and gambling, treatment will be critical in his rehabilitation; he has expressed his intent to take full advantage of those programs. He agreed to forfeit all the drug proceeds – nearly a quarter of a million dollars – recovered from him by law enforcement at the time of his arrest, a factor in the defendant's favor for purposes of sentencing. A sentence of twelve months and one day reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that any involvement in illegal drug trafficking will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this

conviction on the defendant's ability to obtain certain employment. It is unlikely that he will engage in further criminal activity in light of his family circumstances, expressions of remorse, and his stated desire to use treatment programs to improve himself and lead a law-abiding life.

Jack B. Weinstein
Senior United States District Judge

Dated: April 2, 2009
      Brooklyn, New York